UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROTEM BALILA, #15003893,

                        Plaintiff,

      -against-

NASSAU COUNTY, SHERIFF MICHEAL [SIC]
SPASOTO [SIC], THE SATELITE [SIC] HEAD COOK
FOR RELIGIOUS MEALS, ALL CORRECTIONAL
OFFICERS WORKING E-1-B BLOCK, ALL
CORPORALS OF ALL 3 SHIFTS,

                        Defendants.
------------------------------------------------------------------X

**FILED**
**CLERK**

5/20/2016 9:26 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
16-CV-646(JMA)(AYS)

**AZRACK, District Judge:**

On February 1, 2016, incarcerated pro se plaintiff Rotem Balila ("plaintiff") commenced this action against Nassau County Sheriff Micheal [sic] Spasoto [sic] ("Sheriff Sposato"), the Satelite [sic] Head Cook for Religious Meals ("Head Cook"), all correctional officers working E-1-B Block ("COs"), and the "Corporals of all 3 Shifts ("Cpls." and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") purporting to allege a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed in forma pauperis. (ECF No. 2.)

Upon review of the declaration accompanying plaintiff's application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted. However, the complaint is sua sponte dismissed, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), for the reasons that follow.

1

## I. BACKGROUND[1]

Plaintiff's sparse complaint is submitted on the Court's Section 1983 complaint form and alleges the following, in its entirety:

> On November 6th 2015, on E-1-B Block at approximately 8 or 9 PM the Housing Unit was locked down til November 9th 2015, approximately 6:15 AM. In this time my Religious meals where stopped which violates my Religion of being Jewish. The Corporals and the Corrections Officers when asked to get my proper food meal denied my rights to my food. They claimed it was the Order of the Sheriff "Mr. Micheal Spasoto." I was left with just the Kosher milks 3 times daily and refused my Kosher meals. This same thing happened on Thanksgiving Day and Christmas Day as well. I was also refuse 1 hr. of recreation on 11/7/15, 11/8/15-11/24/15 and 12/25/15. Violating my Constitutional Rights as an inmate at the Nassau County Jail.

Although plaintiff has left blank the space on the form complaint that calls for a description of any claimed injuries (see Comp. ¶ IV.A.), he seeks to recover a damages award in total sum of $450,000. (Compl. ¶ V.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

**B.  Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.

3

662, 678 (2009).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id.  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  "To avoid sua sponte dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States."  Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015) (per curiam) (internal quotation marks and citation omitted); see also Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010).  In addition, to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.  Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).

Here, as is readily apparent, plaintiff's complaint does not allege a plausible Section 1983 claim against the Head Cook.  Indeed, apart from the caption, the Head Cook is not again

4

mentioned in the complaint. Plaintiff's Section 1983 claims against the Head Cook are thus dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1), because "each defendant must have been personally involved in the alleged constitutional violation" in order to be held liable under Section 1983.  Tricoles v. Bumpus, 05-CV-3728, 2006 WL 767897, at *3 (E.D.N.Y. Mar. 23, 2006) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); see also Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987); Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. Jan. 12, 2010) (finding that complaint based upon a violation of Section 1983 that does not "allege sufficient personal involvement" of a defendant "fail[s] as a matter of law").

Though thin, the Court declines to sua sponte dismiss plaintiff's claims against Sheriff Sposato.[2]  Accordingly, the Court orders service of the summons and complaint upon Sheriff Sposato by the United States Marshal Service ("USMS") forthwith.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but his Section 1983 claims are sua sponte dismissed as against the Head Cook pursuant to 28 U.S.C. §§ 1915(e)(2), (B)(ii), 1915A(b)(1).  Plaintiff's claims against Sheriff Sposato shall proceed.  The Clerk of Court shall issue a summons for Sheriff Sposato and forward copies of the summons, the complaint, and this order to the USMS for service upon Sheriff Sposato forthwith. The Clerk of the Court is directed to mail a copy of this Order to the plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

---

[2] For plaintiff's claims against the COs and the Cpls., because plaintiff has neither identified nor described the particular individuals he seeks to sue, the Court declines to order service as to these defendants at this time. Plaintiff may seek to add these individuals later in these proceedings, if so warranted.

5

would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444−45 (1962).

**SO ORDERED.**

Dated: May 20, 2016
Central Islip, New York

                                              /s/ JMA
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE